IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RICHARD J. HAYES,**<br><br>      **Plaintiff,**<br><br> vs.<br><br>**DG RETAIL, LLC**<br>**d/b/a Dollar General**<br><br>**[Serve its registered agent:**<br>**Corporation Service Company**<br>**2900 SW Wanamaker Drive, Suite 204**<br>**Topeka, KS 66614],**<br><br>      **Defendant.** | Case No. 2:17-CV-2653 |

## COMPLAINT

1. This case arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

2. Plaintiff was born in 1961.

3. Defendant is a Tennessee limited liability company with its principal place of business in Goodlettsville, Tennessee.

4. Defendant is a subsidiary of Dollar General Corporation, which is listed on the New York Stock Exchange under the symbol DG.

5. Defendant operates a chain of Dollar General retail stores across the United States.

6. Plaintiff was began working for defendant in August 2010.

7. Plaintiff was employed by defendant from August 2010 to February 27, 2017.

8. Plaintiff lived and worked in the State of Kansas throughout his employment with defendant.

9. Plaintiff was a District Manager throughout his employment with defendant.

10. As a District Manager, plaintiff's territory consisted of between 15-20 stores, each of which was staffed with a store manager and between 5-10 other employees.

11. At the time his employment was terminated, plaintiff was one of the oldest District Managers in his region and among the oldest District Managers employed by defendant.

12. Throughout plaintiff's employment, defendant was an "employer" within the meaning of the ADA.

13. Throughout plaintiff's employment, defendant was an "employer" within the meaning of the ADEA.

14. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

15. This Court has personal jurisdiction over the parties.

16. Venue is proper in this Court.

17. On or about February 1, 2016, plaintiff commenced a medical leave of absence due to a disability and remained on medical leave until on or about August 1, 2016.

18. From the time he took medical leave in 2016 through the end of his employment, defendant knew and/or regarded plaintiff as having a disability within the meaning of the Americans with Disabilities Act.

19. Two days after he returned from medical leave in August 2016, defendant placed plaintiff on a performance improvement plan.

20. This performance improvement plan was given to plaintiff because of age and/or disability discrimination or, in the alternative, retaliation against plaintiff for needing reasonable accommodation in the form of medical leave.

21. After his return to work in August 2016, plaintiff continued to perform his job to the best of his ability.

22. After his return to work in August 2016, plaintiff's job performance was as good or better than other District Managers in his region who were younger and/or who did not have any disabilities and/or who had not requested reasonable accommodations.

23. On February 8, 2017, plaintiff began a second medical leave of absence due to his disability.

24. As of February 2017, defendant understood that medical leaves of absence are a form of reasonable accommodation under the ADA.

25. As of February 2017, defendant understood that plaintiff's request for medical leave was a request for reasonable accommodation.

26. Plaintiff's regional manager (Alan Brandi) informed loss prevention manager (Todd Luginbill) that plaintiff had taken medical leave.

27. After learning of plaintiff's need for medical leave, Mr. Brandi asked Mr. Luginbill to investigate plaintiff.

28. After learning of plaintiff's need for medical leave, Mr. Brandi asked Mr. Luginbill to investigate plaintiff to find information that could be used against plaintiff.

29. On February 27, 2017, defendant summarily terminated plaintiff's employment.

30. Defendant did not ask plaintiff for any information or explanation regarding the purported reason for terminating his employment.

31. The purported reason for plaintiff's termination was a pretext for age discrimination and/or disability discrimination and/or retaliation because plaintiff had requested reasonable accommodation in the form of a medical leave of absence.

32. Defendant exaggerated and/or purposefully misrepresented the purported reason for plaintiff's termination.

33. Other managers were not investigated, much less disciplined, for similar errors in their paperwork.

34. While plaintiff purportedly was terminated for failing to accurately complete store audit paperwork, his younger, non-disabled peers had been lagging in that responsibility.

35. As of the time plaintiff was terminated, he had completed audits of 61.1% of the stores in his district while one of his younger/non-disabled peers had completed only 10.5% of his store audits; another had completed only 11.8%; another had only completed 20%; another had only completed 23.5%; another had only completed 43.8%; and another had only completed 52.9%.

36. Plaintiff filed an initial EEOC charge of discrimination (Charge No. 563-2017-00968) against defendant on or about February 28, 2017.

37. Plaintiff filed an amended EEOC charge of discrimination against defendant on or about June 12, 2017.

38. The EEOC issued a right to sue notice with respect to plaintiff's EEOC charge on August 15, 2017.

39. Plaintiff has met all administrative requirements and deadlines for filing this suit.

## COUNT I – WRONGFUL DISCHARGE UNDER THE ADA

40. Plaintiff hereby incorporates by reference the foregoing paragraphs of his complaint.

41. Plaintiff's disability and/or his need for reasonable accommodation was a motivating factor in defendant's decision to terminate plaintiff's employment.

42. Defendant thereby violated plaintiff's rights under the ADA.

43. As a direct result of his unlawful termination, plaintiff sustained actual damage, including lost income and benefits, emotional distress, and humiliation.

44. Defendant's violation of the ADA was sufficiently culpable to warrant an award of punitive damages.

## COUNT II – ADA RETALIATION

45. Plaintiff hereby incorporates by reference the foregoing paragraphs of his complaint.

46. Defendant received plaintiff's initial charge of disability discrimination prior to contesting plaintiff's application for unemployment compensation.

47. Defendant would not have contested plaintiff's application for unemployment compensation if plaintiff had not requested reasonable accommodation in the form of medical leave and/or if not for the fact that plaintiff had filed a charge of disability discrimination with the EEOC.

48. Defendant thereby violated plaintiff's rights under the ADA.

49. As a direct result of this violation of the ADA, plaintiff sustained actual damage, including lost unemployment compensation, as well as emotional distress and humiliation.

50. Defendant's violation of the ADA was sufficiently culpable to warrant an award of punitive damages.

### **COUNT III – WRONGFUL DISCHARGE UNDER THE ADEA**

51. Plaintiff hereby incorporates by reference the foregoing paragraphs of the pleading.

52. Plaintiff's age was a determining factor in defendant's decision to terminate plaintiff's employment.

53. Defendant thereby violated plaintiff's rights under the ADEA.

54. As a direct result of his unlawful termination, plaintiff sustained damage in the form of lost income and benefits.

55. Defendant's violation of the ADEA was willful.

WHEREFORE, plaintiff seeks entry of judgment against defendant on each of his claims herein, together with an award of actual damages, punitive damages under the ADA, liquidated damages pursuant to the ADEA, reinstatement and/or other equitable relief, attorney fees, costs, expenses, and such other relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on every issue so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates the place of trial as Kansas City, Kansas.

Respectfully submitted,

SCHUMAKER CENTER FOR EMPLOYMENT LAW, P.C.

By  /s/ *Larry M. Schumaker*
      Larry M. Schumaker      D. Kan. #70450

10401 Holmes Road, Suite 480
Kansas City, Missouri 64131
Telephone:     816.941.9994
Facsimile:     816.941.8244
E-mail:        lms@schumakercenter.com

ATTORNEY FOR PLAINTIFF