# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD J. HAYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 17-2653-CM |
| DG RETAIL, LLC, | ) |
| d/b/a Dollar General, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Richard J. Hayes brings this employment discrimination action, claiming that defendant DG Retail, LLC, d/b/a Dollar General, discriminated against him because of a disability and his age, and retaliated against him for filing an EEOC charge. Plaintiff raises claims under the Americans with Disabilities Act, as amended ("ADAAA"), 42 U.S.C. § 12101, et seq.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. Defendant filed a Motion for Summary Judgment (Doc. 45) on all three claims. For the following reasons, the court denies defendant's motion.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The court cannot grant summary judgment for defendant. The court has reviewed the briefing of the parties, the evidence submitted, and the law. The court determines that there are genuine issues

-1-

of material fact as to the reason for the termination of plaintiff's employment and the reason defendant opposed plaintiff's unemployment appeal.

Plaintiff's case is one of circumstantial evidence. Plaintiff does not have direct evidence that defendant discriminated against him or retaliated against him, but he does have evidence suggesting a reasonable inference that defendant terminated his employment either because of plaintiff's disability (an anxiety disorder) or because of plaintiff's age (55 at the time of termination). Conversely, defendant has evidence suggesting a reasonable inference that plaintiff's employment was terminated based on falsification of company documents. Plaintiff also has produced evidence suggesting that defendant may have opposed plaintiff's unemployment appeal because plaintiff had filed an EEOC charge of discrimination. Although defendant argues that it opposes every application for unemployment, defendant does not represent that it opposes every appeal. And although defendant claims that plaintiff only recently modified his claim to focus on his unemployment appeal instead of his original unemployment application, the court determines that the pretrial order identifies that claim in broad enough terms as to include retaliation regarding plaintiff's unemployment appeal.

For these reasons, summary judgment is not warranted in this case. The circumstances surrounding plaintiff's employment termination, the reasons for the termination, and the reason defendant opposed plaintiff's unemployment appeal are for a jury to decide.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 45) is denied.

Dated this 18th day of July, 2019, at Kansas City, Kansas.

>  s/ Carlos Murguia
>  **CARLOS MURGUIA**
>  **United States District Judge**